# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JESUS RODRIGUEZ,**
        Petitioner,

v.                                            Case No. 11-C-0925

**OFFICE OF THE SECRETARY
DEPARTMENT OF CORRECTIONS,**
        Respondent.

## DECISION AND ORDER

On October 3, 2011, Rafael A. Rodriguez filed a document with the Clerk of Court entitled "writ of the habeas corpus." The Clerk docketed the document as an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and determined that it was filed by Rafael on behalf of his brother, Jesus. However, the document itself is extremely unclear, so much so that I cannot determine whether Jesus is in custody or, assuming that he is, identify his custodian. Thus, assuming that the document is intended to be an application for writ of habeas corpus, it does not meet the requirements of 28 U.S.C. § 2242: It does not clearly allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him, or the reason for his detention (i.e., a criminal conviction or some other order).

I also note that the application has not been signed and verified by Jesus, as required by § 2242. Rafael purports to be acting in Jesus's behalf, but Rafael has not explained why Jesus cannot file his own application. Even if Jesus is in prison, he should be able to mail his own application to the court. Although § 2242 allows applications for habeas corpus to be signed by persons acting on behalf of the person in custody, ordinarily

courts allow this to happen only when the person filing the petition explains why the person in custody cannot file his own petition. See Wilson v. Dixon, 256 F.2d 536, 537-38 (9th Cir. 1958).

Accordingly, the present application for habeas corpus will be dismissed. If either Rafael or Jesus intends to file a second application, he should keep the following in mind. First, he should write in plain English and explain as clearly as possible the facts of the case. If Jesus is in custody, the application should state the place of confinement and the identity of the warden or other person in charge of the place of confinement. The application must also state the reason why Jesus is in custody: is it part of a criminal sentence, was his probation revoked, or is there some other reason? Finally, the application must state the reason why Jesus believes he is being held in custody unlawfully. And again, if Jesus does not sign the petition himself, Rafael must explain why he cannot do so.

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that the application for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin, this 6th day of October 2011.

s/_____
LYNN ADELMAN
District Judge